**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jazmine Ladarian Jerne Johnson, | No. CV-25-02056-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Bingham Blocks, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), Complaint and Request for Temporary Restraining Order ("TRO") (Doc. 1), and Motion to Correct Clerk Filing (Doc. 6).

**I.    IFP APPLICATION**

A party may initiate suit without prepaying the filing fee if the Court grants leave to proceed *in forma pauperis* ("IFP") based on indigency. 28 U.S.C. § 1915; *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). To proceed IFP, plaintiffs in the District of Arizona must establish their inability to pay by filing an affidavit along with a completed AO 239 form which includes a statement of all income and assets. *See* LRCiv 3.3.

Plaintiff's Application does not contain the information required by federal law or the local rules, nor does it explain whether Plaintiff has insufficient funds to prepay the filing fee for this action. Because Plaintiff has not made the requisite showing under 28 U.S.C. § 1915 to proceed IFP, the Court will screen the Complaint but ultimately deny the Application.

## II. STATUTORY SCREENING OF IFP COMPLAINTS

The Court is required to screen complaints brought *in forma pauperis*.[1] 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint, or portion thereof, if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.*

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The court may dismiss a complaint sua sponte for lack of subject matter jurisdiction. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983). The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377. At the pleading stage, the plaintiff must allege sufficient facts to show a proper basis for the court to assert subject matter jurisdiction over the action. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331 and grants federal courts jurisdiction to hear cases arising under the Constitution or federal law. The "presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction is found in 28 U.S.C. § 1332, and grants courts authority to hear cases arising under state law only where there is complete diversity of the parties, and the statutory amount-in-controversy (over $75,000) is satisfied. 28 U.S.C. § 1332(a)(1). Complete diversity means no defendant can be a resident of the same state as any plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

---

[1] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all *in forma pauperis* proceedings. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

**B.     Pleading Standard**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III.    DISCUSSION

Plaintiff's Complaint asserts separate causes of action against two Defendants. As to Defendant Bingham Blocks, Plaintiff alleges that she been unable to collect certain "trust property, ancestral items, furniture and keys," pursuant to a lawful court order permitting the retrieval of property. (Doc. 1 at 1-2.) She asserts Bingham Blocks is liable for: (1) violation of a standing court order; (2) obstruction of lawful process; (3) unlawful deprivation of separate property; and (4) ongoing irreparable harm. (*Id.* at 2.) Plaintiff seeks an injunction, among other relief, to "[p]revent further deprivation, [c]ompel compliance with the court order, [and] [p]reserve the property of the private Estate." (*Id.* at 3.)

Plaintiff asserts a "separate property dispute" against Defendant Tides on 27th LLC. (*Id.* at 2.) Although lacking in clarity, Plaintiff seems to allege she rented a property from Tides on 27th and the unit was "not provided," and "uninhabitable, lacking hot water for over seven (7) consecutive days." (*Id.*) Plaintiff further alleges she did not receive access

to the tenant portal, and management ignored her written notices. (*Id.*) The Complaint asserts a cause of action against Tides on 27th for: (1) material misrepresentation; (2) constructive fraud; (3) bad faith; and (4) "equitable misconduct obstructing proper remedy and trust preservation." (*Id.*)

Upon reviewing the jurisdictional allegations, the Court concludes that the Complaint must be dismissed for lack of subject matter jurisdiction. Diversity jurisdiction is lacking. Plaintiff offers no allegations concerning Defendants' respective citizenships, and instead, alleges diversity is satisfied by virtue of Plaintiff's "standing in the Executor office as non-citizen national." (*Id.* at 8.) But 28 U.S.C. § 1332 provides only four avenues in which a plaintiff may establish diversity jurisdiction. Two of these require the plaintiff be a citizen of a State of the United States, and therefore, a United States citizen. *Id.*(a)(1), (3). The remaining avenues require a plaintiff to plead she is a "citizen[] or subject[] of a foreign state" or a "foreign state." *Id.*(a)(2), (4).

Because Plaintiff alleges she is not a citizen of the United States and not a citizen of a foreign state, Plaintiff effectively "pled [] out the possibility of diversity jurisdiction." *Smith-Bey v. Hamlin*, No. 2:23-cv-02600-ODW (PDx), 2023 WL 6370763, at *1 (C.D. Cal. July 19, 2023) (finding no diversity of citizenship where the plaintiff alleged citizenship under a sovereign-citizen theory); *see also Bey ex rel. McGill v. Do*, No. 3:23-cv-00123-SB, 2023 WL 2187488, at *2 (D. Or. Feb. 23, 2023) (stating same).

The Court also finds that federal question jurisdiction is lacking, as Plaintiff does not assert claims arising under the Constitution or federal law. Plaintiff makes a fleeting reference to "due process violations" but does not specifically identify any federal law or constitutional right Defendants violated. (Doc. 1 at 3.) Indeed, Plaintiff repeatedly requests this Court grant relief "in equity, not law" (*Id.* at 1, 3, 4), and the pending Motion explains that Plaintiff is not raising claims under 42 U.S.C. § 1983 or invoking federal question jurisdiction (Doc. 6 at 1-2). Plaintiff's threadbare recitals to due process are insufficient to establish federal question jurisdiction. *Ashcroft*, 556 U.S. at 678; *see also Bendeck v. Workman*, Civ. No. 17-00180 JMS-RLP, 2017 WL 1758079, at *4 (D. Haw. May 4, 2017)

(explaining that a plaintiff's reference "to various provisions of the United States Constitution and federal statutes merely to support the argument that this court must rule 'in equity' and not law" is insufficient to allege federal question jurisdiction).

Additionally, to the extent Plaintiff asks the Court to "compel compliance" with a standing state court order, that request is barred by the Anti-Injunction Act. The Anti-Injunction Act prohibits federal courts from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its [own] judgments." 28 U.S.C. § 2283.[2] This mandate "extends not only to injunctions affecting pending proceedings, but also to injunctions against the execution or enforcement of state judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007). In essence, Plaintiff seeks a mandatory injunction from this Court, compelling Bingham Blocks to comply with a standing court order issued by the Glendale City Court. Federal law and settled principles of federalism and comity prohibit this Court from granting the requested relief.

The Court will deny Plaintiff's request for a TRO and dismiss the Complaint without prejudice. Plaintiff is advised that a dismissal without prejudice means that a complaint asserting the same claims can be refiled. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001).

IV.     **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed IFP (Doc. 2) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's request for a TRO is denied and the Complaint (Doc. 1) is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct the Clerk (Doc. 6) is denied as moot.

 . . . .

---

[2] None of the three exceptions apply in this instance.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter a judgment of dismissal and close this case.

Dated this 17th day of June, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge